# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-5299** **September Term, 2026**

**1:26-cv-01417-EGS**

**Filed On:** October 28, 2026

Katie Phang,

Appellee

v.

Todd Blanche, in his official capacity as
Attorney General of the United States,

Appellant

------------------------------

Consolidated with 26-5334

**BEFORE:** Srinivasan, Chief Judge, and Pillard and Pan, Circuit Judges

**O R D E R**

Upon consideration of the motion for a stay pending appeal, the opposition thereto, and the reply; and the motion to dismiss and the opposition thereto, it is

**ORDERED** that the motion to dismiss be referred to the merits panel to which these appeals are assigned. The parties are directed to address in their briefs the issues presented in the motion to dismiss rather than incorporate those arguments by reference. It is

**FURTHER ORDERED** that the motion for a stay pending appeal be denied. The government has not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2026). In particular, the government has failed to show that it is irreparably harmed by merely initiating review of foreign-language documents under the Epstein Files Transparency Act. To the extent the government objects to producing documents before the merits of the case are resolved, production does not appear to be imminent. See Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) ("[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to

prevent irreparable harm." (cleaned up)). Nor could the government show irreparable harm during the pendency of the appeal from production of foreign-language documents as to which the government does not substantively dispute its production obligation. As appellee observes, the government in that instance would "only produce documents that" it itself "concludes must be disclosed by law." Phang Opp. 37. By contrast, insofar as the government may conclude after its "initial review" that it has a substantive basis to redact or withhold production of "certain foreign-language documents" and the parties disagree about whether such "documents have been properly redacted or withheld," appellee acknowledges that "such disputes will need to be resolved through further litigation." Id. at 37 n.4. The possibility of disclosure only after "further litigation" is not present irreparable harm.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Selena R. Gancasz
Deputy Clerk